## MANSONY AND McLOSKY v. TOULMIN.

1. The act of 1833, which authorises an officer levying an attachment, to require the plaintiff therein to execute a bond for his indemnity, should it afterwards appear that the property levied on does not belong to the defendant, does not give to the obligee a summary remedy on the bond; and the statutes of 1807 and 1827, in respect to bonds given upon the levy of an execution, cann it, by construction, apply to the case.

WRIT of error to the Circuit Court of Mobile.

This was a summary proceeding by notice, under the statute, at the suit of the defendant in error, against the plaintiffs as obligors, in a bond of indemnity. It is shown by the record, that the plaintiffs in error caused three several original attachments to be issued against the estate of George Harrington, all of which they placed in the hands of the defendant, as the sheriff of Mobile, to be executed. As an inducement to levy the same, the plaintiffs executed a bond to the defendant, conditioned to save him harmless against any action or actions, that might be brought for levying the attachments on the goods and effects in the store, then lately occupied by Harrington. The levy was made, but the goods attached were sold under attachments previously levied, and no part of the proceeds had been, or would be, appropriated to the payment of the debt claimed by the plaintiffs. A recovery had been had against the sheriff for the conversion of the goods, by persons wholly disconnected with any of the suits, on the ground that they were their property.

The record is voluminous, and presents other questions, but enough has been recited to make the opinion of the court intelligible. A judgment was rendered in favor of the sheriff, for the value of the goods seized by him, together with costs, &c.

STEWART, for the plaintiffs in error.
CAMPBELL, for the defendant in error.

COLLIER, C. J.—The twelfth section of the act of 1833, "concerning attachments," enacts, Whenever an officer may be

required to levy an attachment, he may require the plaintiff in the same, to execute to him a bond of indemnity for his security, if it should afterwards appear that the property levied on does not belong to the defendant. [Clay's Dig. 58.] The sixteenth section of the act of 1807, concerning executions, &c. provides that where a doubt shall arise, whether the right of property levied on by execution, is in the debtor, the sheriff may apply to the plaintiff, his attorney, &c. for his bond, with good security, for indemnification for the sale of the property seized, &c. [Clay's Dig. 210.] By the first section of the statute of 1827, it is enacted, that whenever a sheriff, coroner or constable, takes from the plaintiff in an execution, a bond indemnifying him for levying or selling property, the title to which is doubtful or disputed, if suit is instituted against him or any of his deputies, for making such levy or sale, he may give notice to the principal and sureties in the bond, of the pendency of the suit, whose duty it shall be to defend the same, and a judgment for the same amount, shall be rendered by the court, on motion, in favor of the sheriff, coroner, or constable, against the principal and surety in the bond, as may be obtained by the party suing such sheriff, &c. [Clay's Dig. 213.]

The acts of 1807, and 1827, apply in terms where property has been levied on by execution. In fact, both those enactments relate to the final process, the protection of sheriffs, &c. and it is clear, as well from their titles as subject matter, were not intended to embrace original attachments. If this were a question of doubt, the act of 1833 would furnish a persuasive argument in favor of our conclusion. For it may be asked, why was this statute enacted, if those of an earlier date subserved the same purpose? It shows that the legislature supposed that the matter for which it provides, was a *casus omissus* in its previous enactments.

If the language of the act of 1827, could by a liberal construction be held to extend to a levy or sale under attachment, yet the act of 1833, in authorising a bond of indemnity to be required by the officer levying an attachment, without providing a summary remedy by express enactment, or reference to the act of 1827, cannot be held to have adopted it by implication. The omission to provide the mode of proceeding in such cases, serves rather to show that it was not intended that any other than the or-

dinary common law remedies, should be adopted. Whether statutes affording a summary remedy, should not be strictly construed, it is unnecessary to inquire.

It follows from what has been said, that the obligee cannot recover on the bond in the case before us, by adopting the remedy prescribed by the statute of 1827. Whether the facts stated in the record, interpose a bar to an action prosecuted in the usual form, it will be time enough to determine when such an action shall have been brought, and the case is presented for our decision.

We have only to add, that the judgment is reversed.